# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:  
ION ILOVAN

Case No. 09-72093 LT13

**2ND AMENDED Chapter 13 Plan**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ __SEE ATTACHED__ each month for __60__ months. Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:

    (a) On allowed claims for expenses of administration required by 11 USC §507.

    (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre confirmation Adequate Protection | Post confirmation Payments | Mortgage Arrears | Interest Rate (if specified) |
|---|---|---|---|---|---|---|---|---|
|  | ✓ | ASAP COLLECTION SERVICES | 750,000 | 2,000 |  |  |  | 5% |
|  | ✓ | WACHOVIA MORTGAGE | 750,000 | 804,000 |  |  | 107,350 | 0% |
| ✓ |  | ALAMEDA COUNTY TAX COLLECTOR | 750,000 | 17,000 |  |  |  | 18% |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).

   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid __pro tanto__ %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d). __

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| WACHOVIA MORTGAGE | $3,700 |  |  |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b): *Debtor will be separately filing a motion to value the 2nd deed of trust in favor of GREENPOINT MORTGAGE FUNDING, INC. as to the real property located at 10711 Inspiration Circle, Dublin, California 94568 at $0.00. For claims allowance purposes, GREENPOINT MORTGAGE FUNDING, INC.'s claim shall be valued at zero and any claim filed shall be allowed only on an unsecured basis.*

*Debtor will surrender real property located at 19368 Meekland Avenue, Hayward, CA 94541 to provide for the secured claims of Alameda County Tax Collector and Chase Home Finance.*

Dated: 3/16/10      *ION ILOVAN*  
                         (Debtor)                                         (Joint Debtor)

I/~~We~~  David A. Arietta_____ am/~~are~~ legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco and Oakland Divisions, Model Chapter 13 Plan (October 2001), promulgated pursuant to B.L.R. 1007-1.

*David A. Arietta*  
Attorney for Debtor(s)

In re:  
ION ILOVAN

Debtor(s).

Case No. 09-72093 LT13

**2ND AMENDED Chapter 13 Plan**

## ATTACHMENT TO CHAPTER 13 PLAN

The Debtors shall pay to the Chapter 13 Trustee the following amounts:

1. $2,350 per month for the first six (6) months, and
2. $2,700 per month for the remaining fifty-four (54) months.